UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTWAN H. BANKS,

               Petitioner,               Civil No. 06-15188

v.                                                 Honorable David M. Lawson

KURT JONES,

               Respondent.
_____/

**ORDER TRANSFERRING CASE TO THE COURT OF APPEALS**

On November 21, 2006, the petitioner, Antwan H. Banks, filed a petition for writ of habeas corpus in this court. The matter was assigned to the Honorable Lawrence P. Zatkoff in accordance with the court's usual rules. The petitioner alleged that "no application for a writ of habeas corpus for the relief herein sought has been before made to or refused by any court or judge." Pet. at ¶ IX. This allegation was false.

In fact, Banks had filed another petition for writ of habeas corpus, docket number 05-10157, which was assigned to the undersigned. That petition was adjudicated and resulted in an opinion, order, and judgment denying relief to the petitioner. A judgment was entered in that case on May 23, 2007, and no notice of appeal has been filed.

The present action has now been reassigned to the undersigned judge, inasmuch as the action fits the definition of a "companion case" under E.D. Mich. LR 83.11(c)(7). Both petitions are brought against the same state custodian. Both of them challenge the petitioner's 2002 conviction and sentence for assault with intent to commit armed robbery. The grounds for relief in the second petition are slightly different than those stated in the first, but it is apparent that the same conviction is under challenge in both cases.

The second petition was filed before the first one was adjudicated, however. If a judgment had been entered in the first case before the second petition was filed, there is no doubt that the second petition would constitute a "second or successive application," which could not be filed in the district court absent permission to do so from the court of appeals. 28 U.S.C. § 2244(b)(3)(A). When such a petition is filed in the district court, the proper procedure is to transfer it to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

The Supreme Court has made clear that not every numerically second petition is "second or successive," for the purposes of the amendments wrought by the Anti-terrorism and Effective Death Penalty Act (AEDPA). *See, e.g., Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (holding that a petition filed after a mixed petition has been dismissed before the district court has adjudicated any claim is not a second or successive petition); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1998) (holding that a numerically second petition alleging a claim that was contained in the first petition but dismissed as unripe is not second or successive). A determination of whether a numerically second petition is successive within the meaning of 28 U.S.C. § 2244(b) is made by resort to the abuse-of-the-writ jurisprudence that predated the AEDPA amendments. *In re Bowen*, 436 F.3d 699, 705 (6th Cir. 2006). "Under the abuse of the writ doctrine, a numerically second petition is 'second' when it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect." *Ibid.* (citing *McCleskey v Zant*, 499 U.S. 467, 489 (1991)); *see also Lang v United States*, 474 F.3d 348, 351 (6th Cir. 2007).

In Banks's earlier petition (docket number 05-10157), he challenged his state court conviction on the ground that his Confrontation Clause rights were violated when statements by a non-testifying co-defendant were related to the jury by another witness. In the present case, Banks

appears to challenge his conviction and sentence on the grounds that his sentence constitutes cruel and unusual punishment, and that somehow his rights under the Due Process Clause have been violated. There is no reason why the grounds raised in the second petition could not have been included in the first. As the Supreme Court has explained, "[n]othing in the traditions of habeas corpus requires the federal courts to tolerate needless, piecemeal litigation, or to entertain collateral proceedings whose only purpose is to vex, harass, or delay." *Sanders v United States*, 373 U.S. 1, 18 (1963). Therefore, this Court determines that the present matter constitutes a second or successive petition within the meaning of section 2244(b).

Before a second or successive petition is filed in the district court, the applicant is required to move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without the authorization by this Court that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to this Court in the interest of justice pursuant to § 1631." *Sims*, 111 F.3d at 47. The Court must transfer the petition because the Court lacks jurisdiction to consider a successive habeas petition when prior authorization for filing the successive petition has not been obtained from the court of appeals. *Ibid.*

Accordingly, it is **ORDERED** that the Clerk shall transfer the petition to the United States Court of Appeals for the Sixth Circuit.

                                                s/David M. Lawson
                                                DAVID M. LAWSON
                                                United States District Judge

Dated: October 11, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 11, 2007.

                                        s/Felicia M. Moses
                                        FELICIA M. MOSES